Shauck, . J.
In the progress of the trial in' the circuit court, the principal defendants in error, who are the devisees named in the residuary clause of the will of Lucina ' Quick, became aware that they were not entitled to claim both under and against that instrument. The attempt of the testatrix by her will to give to Caroline, in fee, and to her children in remainder, the estate in the one-half of the twenty-five acre tract which the defendants in error had derived by descent from their father, and which was, therefore, beyond her power of disposition, in connection with the devise by her to them in the residuary clause of the same instrument of the undivided one-half of the fifteen acre tract which the testatrix did own, brings them within the equitable doctrine which requires them to elect between their rights in the twenty-five acre *199 tract as established by the laws of descent and the donation in the fifteen acre tract which the will proposed to them. A familiar and apt statement of the doctrine to which they are amenable is: The owner of an estate having, in an instrument of donation, applied to the property of another expressions which, were that property his own, would amount to an effectual disposition of it to a third person, and having by the same instrument disposed of a portion of his own estate in favor of the proprietor whose rights he assumed, equity imposes upon that proprietor the duty of electing, either to relinquish the benefit conferred upon him by the instrument, if he asserts his own inconsistent proprietary right, or if he accepts that benefit, .to complete the intended disposition by conveying in conformity to it, that portion of his own property which it purports to affect.
The foundation of the doctrine is the intention of the author of the instrument. The intention extends to the entire disposition, for the attempt to dispose of the property of another, though ineffectual as a disposition, is clearly indicative of that intention. It is to prevent the frustration of that intention by the failure of any of its parts that in cases of this character the donee is required either to make good the attempted disposition of his property, or to relinquish the benefit proposed by the instrument. The doctrine has been repeatedly stated and illustrated in the decisions of this court. Huston v. Cone, 24 Ohio St., 11; Hibbs, Admr., v. Insurance Company, 40 Ohio St., 543; Corry v. Lamb, 45 Ohio St., 203. Brief consideration of the effect. of this doctrine when *200 applied to the present case will answer the propositions submitted by counsel of the adverse parties. On behalf of the plaintiff in error it is said, that since the original petition proceeded upon the theory that the four residuary devisees were entitled each to one-fourth of the one-half of the fifteen acre tract which .the testatrix actually owned, and which she'devised by that clause, they became estopped to claim thereafter the interest in the twenty-five acre tract which they had previously derived by descent from their father. Bht by parity of reasoning it might be said that they thereby became estopped to claim under the residuary clause since in the original petition they insisted upon their right to' retain the interest in the twenty-five acre tract which they had derived from their father, notwithstanding their mother’s attempt'to devise it to Caroline and her children. What this doctrine required of them, is an election. By urging two inconsistent demands they did not waive either of them. Essential elements of estoppel are wanting. The pertinent doctrine is that of election which requires them to choose between the inconsistent rights. An estoppel might follow, but it cannot precede an election in such case. No election was made in the present case until the residuary devisees upon the trial disclaimed all interests and rights as devisees and legatees under the will of their mother. By that disclaimer they gave conclusive effect to their insistence upon their right to retain their interests in the twenty-five acre tract which had descended to them from their father, notwithstanding their *201 mother’s attempt to devise it to Caroline and her children.
On behalf of the residuary devisees it is urged that since they have renounced all the provisions made for them in the will of their mother, the one-half of the fifteen acre tract of which she was seized in fee descended as intestate property, that is, one-fifth to each of them and one-fifth in fee to Caroline. This view appears to have been approved by the circuit court; at least, no other suggested view' would lead to the judgment under review. Conceding that, lands which are the subject of a devise, if it be rejected, will pass as intestate property when rights of - other beneficiaries under the will have not intervened, the equitable doctrine will not permit that result in the present case. The election is required, not for the benefit of the heirs at law, but for the beneficiaries of the donees of the property which the testatrix attempted, without right, to devise to them. By insisting upon retaining their interest in the twenty-five acre tract, the residuary legatees have become refractory, and the benefits offered them by-the will and rejected by them now pass by operation of the equitable principle referred to under the will to the disappointed devisees, Caroline and her children, to the extent that may be necessary to compensate them on account of the disappointment resulting from that insistence. What that extent is in the present case is admitted of record, since by their renunciation the residuary devisees and legatees have made the admission of record that all the benefits offered them by the will of their mother will not exceed *202 the requirements of such compensation. The doctrine which appears to have been applied in the circuit court ignores the rights of those for whose benefit the election is required, and it would afford an easy method of defeating the doctrine.
In the further consideration of the case, it becomes evident that Caroline is herself amenable to the doctrine of election in favor of her children with respect to the one-tenth of the twenty-five acre tract which descended to her in fee upon the death of her father. It was in her an estate in fee, but the terms of her mother’s will limited it to a life estate in her with the remainder in fee to her children, and by the same instrument the mother gave to Caroline a life estate in the one-half of the tract which she did own. Under the rule already stated, her election to take under the will of her mother was a ratification of the mother’s attempted disposition to her children of an estate in remainder after the termination of Caroline’s life estate in the same tract. Therefore, by operation of this doctrine that interest of Caroline is limited to a life estate in her with the remainder in fee to her children. These observations, however, do not apply to the fifteen acre tract, for Lucira did not devise any interest in that tract, except by the terms of her residuary clause “all the rest of my real estate” which could include only the one-half of the fifteen acre tract which she did own.
Applying these views to the case, there is vested in Caroline an estate in fee in one-fifth of the forty-one acre tract, and one-tenth of the fifteen acre tract. There is also vested in her an estate *203 for life, with remainder in fee to her children, in six-tenths of the twenty-five acre tract, and one-half of the fifteen acre tract. There is also vested in each of the four residuary devisees an estate in fee in one-fifth of the forty-one acre tract, and in one-tenth of the twenty-five acre and the fifteen acre tracts.
The judgment of the circuit court will be reversed, and the cause will be remanded to that court with instruction to enter a decree in accordance with this opinion.

Judgment reversed.

Crew, C. J., Summers, Davis and Price, JJ., concur.